IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LILLIAN FRIESON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:06CV787-MHT |
| | ) | |
| RICHARD N. SMITH ESTATE and | ) | |
| ELOISE M. SMITH, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER and RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this action, plaintiff Lillian Frieson brings state law negligence claims against

defendants Eloise Smith and the estate of Richard N. Smith arising from a motor vehicle

accident which occurred in Escambia County, Florida.  Richard N. Smith was the driver of

the other vehicle and Eloise Smith is alleged to have allowed Richard Smith to drive her

vehicle while intoxicated.  Plaintiff is a resident of Mobile, Alabama.  She alleges that Eloise

Smith and Richard N. Smith live in Pensacola, Florida.  Since plaintiff sues Richard N.

Smith's estate and alleges that he is now deceased, the court construes this as an allegation

that Richard N. Smith resided in Pensacola before his death.  Plaintiff demands judgment in

the amount of $100,000.00.  (Complaint, p. 1).  Plaintiff lists Stephanie Gail Smith Sahr of

Pace, Florida and Susan Michele Smith Sedig of Daphne, Alabama as the heirs of the estate

and lists the addresses of Sehr and Sedig for service of the summons and complaint. While

it is not apparent which of the individuals named in the complaint is the administrator of

Richard N. Smith's estate, any such administrator would be deemed to be a citizen of Florida,

the state of Richard N. Smith's citizenship. 28 U.S.C. 1332(c)(2). Thus, it appears that

diversity jurisdiction exists, whether or not plaintiff has adequately identified the

administrator.

The applicable venue statute provides:

> A civil action wherein jurisdiction is founded only on diversity of citizenship
> may, except as otherwise provided by law, be brought only in (1) a judicial
> district where any defendant resides, if all defendants reside in the same State,
> (2) a judicial district in which a substantial part of the events or omissions
> giving rise to the claim occurred, or a substantial part of property that is the
> subject of the action is situated, or (3) a judicial district in which any defendant
> is subject to personal jurisdiction at the time the action is commenced, if there
> is no district in which the action may otherwise be brought.

28 U.S.C. §1391(a).

The complaint names two defendants – Eloise Smith and the Estate of Richard N.

Smith – both citizens of Florida. Since none of the defendants reside in Alabama, plaintiff

cannot rely on 28 U.S.C. § 1391(a)(1) to establish that venue is proper in this district.

Additionally, venue is proper under § 1391(a)(3) in "a judicial district in which any

defendant is subject to personal jurisdiction at the time the action is commenced," only "if

there is no district in which the action may otherwise be brought." Thus, even assuming that

either defendant is subject to personal jurisdiction in this district, venue will lie in this district

under § 1391(a)(3) only if there is no other district in which venue is proper. 28 U.S.C.

§ 1391(a)(2) provides that venue is proper in "a judicial district in which a substantial part

of the events or omissions giving rise to the claim occurred . . . ." According to the

complaint, the events and omissions giving rise to plaintiff's claims all occurred in Escambia

2

County, Florida, within the Northern District of Florida. See 28 U.S.C. § 89(a). Since this action may be brought in the Northern District of Florida, plaintiff cannot rely on § 1391(a)(3) to establish venue in this district.

Accordingly, it is

ORDERED that the Clerk is DIRECTED to provide this order and recommendation to the defendants at the addresses provided by plaintiff for service of the summons and complaint, and that any defendant wishing to waive improper venue is DIRECTED to so notify the court, in writing, on or before September 20, 2006.

Additionally, it is the RECOMMENDATION of the Magistrate Judge that – unless all defendants notify the court that they wish to waive venue – this action be TRANSFERRED to the United States District Court for the Northern District of Florida, the only court in which venue is proper.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action. The parties are DIRECTED to file any objections to the said Recommendation on or before September 20, 2006. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual

findings in the report accepted or adopted by the District Court except upon grounds of plain

error or manifest injustice.  <u>Resolution Trust Co. v. Hallmark Builders, Inc.</u>, 996 F.2d 1144,

1149 (11th Cir. 1993);  <u>Henley v. Johnson</u>, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 6th day of September, 2006.


<u>/s/ Susan Russ Walker</u>
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE